OAKS ET AL., APPELLANTS, *v.* ALLER ET AL., APPELLEES.

[Cite as Oaks v. Aller, 7 Ohio App. 2d 72.]

(No. 654—Decided July 11, 1964.)

Mr. *Russell E. Rakestraw* and Mr. *John C. Firmin*, for appellants.
Mr. *Robert W. Drake* and Mr. *Thomas A. Orndorff*, for appellees.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Hancock County in an action for the rescission of a real estate purchase contract brought by the plaintiff vendees, Howard E. Oaks and his wife, appellants herein, against the defendant vendors, Gale H. Aller and his wife, appellees herein, by reason of alleged false and fraudulent representations of defendants. Following trial and the entry of appropriate findings of fact and conclusions of law, the trial court entered judgment for the defendants.

It is undisputed in evidence that pursuant to negotiations carried on between the plaintiffs and defendants immediately prior to February 5, 1957, a written purchase agreement was executed on that date whereby the plaintiffs agreed to purchase from the defendants and the defendant Gale H. Aller agreed to sell to the plaintiffs certain real estate located at 1600 Eastview Drive, Findlay, Ohio, on which was located a dwelling house constructed by such defendant. It is further undisputed that all the covenants to be performed by any of the parties to the purchase agreement were thereafter performed, and a deed conveying the premises from the defendants to the plaintiffs was delivered on February 9, 1957. Neither the pur-

chase agreement nor the deed contains any representations or promises relating to water or flooding conditions on or about the premises. On April 6, 1957, and on June 30, 1957, surface and/or flood water surrounded the dwelling house. On January 21, 1959, and on February 11, 1959, surface water and overflow water from nearby Eagle Creek entered onto the floors of the dwelling covering them on the former date to a depth of six inches and on the latter date to a depth of three inches.

Evidence was also introduced by the parties that the defendant Gale Aller had constructed a number of houses in the addition where this property was located; that in all his dealings in the addition and with respect to the property herein he acted as the fully authorized agent of his wife; that the plaintiffs have been residents of Findlay, Ohio, for some years before the negotiations herein and knew there had been flooding conditions in the area, that the lot in question was in a low area, lower than the surrounding terrain; and that prior to the signing of the purchase agreement plaintiff Howard E. Oaks made inquiry of the city engineer as to "what was done there" respecting flooding conditions.

The plaintiffs claimed and the trial court found the following particularly pertinent separate findings of fact which were fully supported by the evidence:

"8. That the defendant, Gale H. Aller, knew that there had been a water problem in the Longview addition and knew that certain actions had been taken and work had been done to alleviate said problem.

"9. That on February 2, 1957, the defendant, Gale H. Aller, met with the plaintiffs at the Longview Addition and in response to plaintiff's question as to whether or not lot number thirty-two (32) would be subjected to highwater from Eagle Creek or from excessive surface water, stated that certain improvements had been made which had solved the water problems.

"10. That at the February 2, 1957, meeting, defendant orally, and prior to any written contract, stated to plaintiffs that if lot number thirty-two (32) was in any manner, subjected to excessive collections of surface water or overflow water from Eagle Creek, that defendant would refund to plaintiffs the full purchase price of said real estate."

The plaintiffs, appellants herein, assign error of the trial court in four particulars as follows:

"Assignment of Error No. 1.

"The court erred in not finding, as a matter of law, that the statements of the defendant, Gale H. Aller, were false and fraudulent and were the inducement relied upon by the plaintiffs in the purchase of lot No. 32 and did amount to fraud entitling the plaintiffs to rescind their contract and sale with the defendants.

"Assignment of Error No. 2.

"Error in finding as a matter of law, that defendant, Gale H. Aller's, oral representations, were not positive statements of fact, were not an express statement of an existing fact and that defendant, Gale H. Aller, did not know or could not know that the so-called improvements made would eliminate flooding and excessive surface water on plaintiff's lands.

"Assignment of Error No. 3.

"The court erred in finding as matters of law, that defendant, Gale H. Aller's statements, representations and promises did not mislead plaintiffs or induce them not to make a further investigation of the water conditions; and that plaintiffs' knowledge of prior flooding conditions precluded plaintiffs from relying on defendant's statements, representations and promises.

"Assignment of Error No. 4.

"The court erred in finding that the oral representations of the defendant, Gale H. Aller, which were not included in the written contract of purchase nor in the deed negative plaintiffs' right to rely upon the defendants representations, statements and promises in regard to the water problems and as to the repurchase of the property."

As in our view these assignments of error may be disposed of together, we shall consider them together.

Without regard to the kind and character of the representations alleged to have been made by the defendant Aller, and without regard to his experience or his knowledge of their falsity, it is fundamental that for the plaintiffs to prevail in an action for rescission of a contract induced by alleged false and fraudulent representations of Aller they must prove that they relied upon such representations. Otherwise, of course, there is no

inducement. Moreover, if there is reliance such reliance must be justified.

We find the following pertinent rules of law and equity set forth in 37 Corpus Juris Secundum, Fraud:

Section 37 a, page 284:

"One cannot secure redress for fraud where he acted on his own judgment derived from independent investigation or reports or advice and not on the representations made to him; the representee is ordinarily chargeable with knowledge of all the facts which his investigation should disclose."

Section 102, page 406 *et seq.*:

"The party alleging a misrepresentation must show reliance on it.

" * * *

"If one charged with fraud defends on the ground that the person who claims that he was defrauded knew the facts, or avowedly did not rely on the misrepresentation, it is incumbent on him to prove that such representation was not relied on; but where the person who claims that he was defrauded made an investigation that was free and unhampered, and conditions were such that he might have obtained the information desired, or if the facts were as obvious to him as to the person making the representation, and the means of knowledge equal, he is presumed to have relied on his own judgment and not on the representation. The presumption is not conclusive nor a presumption of law. As for generalities, there is a presumption of equality of knowledge."

See, also, 24 Ohio Jurisprudence 2d 721, Fraud and Deceit, Section 129, and *Traverse* v. *Long,* 165 Ohio St. 249, 252.

The evidence here shows that prior to signing the purchase contract plaintiff Howard Oaks made an independent investigation as to the possibility of a flooding condition at the location of the property in that he made inquiry of the city engineer as to "what was done there." The record is not specific as to whether this inquiry was made before or after the representations made to Oaks and his wife by Aller. There is no evidence that the independent investigation made by Oaks was in any way impeded or frustrated by any action of Aller. There was thus substantial, credible evidence of probative value whereby the trial court could properly conclude that in

the event that the visit to the engineer's office occurred before Aller's representations, then plaintiffs had no intention to rely, and did not rely, on what Aller thereafter might represent, and that if the visit to the engineer's office took place after Aller's representations, then the plaintiffs did not, in fact, rely thereon. Also, as indicated and found by the trial judge, the plaintiffs had been living in the general area in which the property herein is located, were aware of the flooding conditions or water problems in the area, were aware of the lowness of the lot in relation to the surrounding terrain, and such information further placed them in a position where the trial court could properly conclude that they had no right to rely upon the representations of existing fact made by Aller.

On this state of the evidence we cannot say, as a matter of law, that the plaintiffs either had a right to rely upon Aller's representations or that they did, in fact, rely thereon. We are, therefore, of the opinion that the trial court did not commit error prejudicial to the appellants in any of the particulars assigned; and the judgment of the trial court denying the rescission of the purchase agreement must, therefore, be affirmed.

*Judgment affirmed.*

MIDDLETON, P. J., concurs.

YOUNGER, J., dissenting. I would agree one hundred percent with the majority opinion in this case if the only representation made to the Oaks by Aller was that "certain improvements had been made." Under rigorous cross-examination Oaks testified that he "came to the city engineer and asked what was done there." This was the only investigation made by Oaks as disclosed by the record. The record is silent as to what if anything he found out. It is not disclosed whether this visit to the city engineer was before or after the representations were made by Aller, but the visit was made before the contract to purchase was signed. It is thus apparent that Oaks used common sense in checking to find out whether some improvements had been made, and it must be agreed that as to whether certain improvements had been made Oaks did not rely entirely upon Aller's statement.

However, the important representation made by Aller,

who was a contractor and home builder with twenty-nine years of experience in the field, was that "the water problem had been solved," and to back up and add strength to such representation he further stated that if such lot "was in any manner, subjected to excessive collections of surface water or overflow water from Eagle Creek that defendant would refund plaintiffs the full purchase price of said real estate." These are findings of fact made by the trial court.

In my opinion this case comes squarely within the holding of the Supreme Court of Ohio in the case of *Pumphrey* v. *Quillen,* 165 Ohio St. 343, which held as follows:

"1. In an action for fraudulent misrepresentation, it is not necessary for the plaintiff to allege or prove that the defendant made the representation knowing that it was false.

"2. In such an action it is not a defense for the defendant to assert that he made the representation without knowing whether it was true or false, if his statement was made under circumstances which implied knowledge on his part."

In this case it cannot be proved that the defendant Aller made the representation knowing that it was false, but in my opinion it was "made under circumstances which implied knowledge on his part." He had purchased eight lots in this addition in the summer of 1956 and immediately started building a number of residences, the first one completed and ready for sale being the one he sold to plaintiffs on February 9, 1957. He had been busily engaged working on these premises for some time. He knew what improvements had been made. He pointed out to Mr. Oaks the places at which some improvements were made. He had a personal and financial interest in the question as to whether the water problems had been solved. His statement that they had been solved was definite, unequivocal and certain.

In my opinion the record shows that the Oaks did rely upon this representation by Aller, and by reason of his long experience in this field of endeavor and his personal interest therein they had a right to rely upon such representations, and such representations were made under circumstances which implied knowledge on his part.

For these reasons I conclude that the judgment of the Common Pleas Court should be reversed.